IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LIBERTY ASSET HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:20-cv-04208-NKL |
| NEW RESIDENTIAL INVESTMENT, | ) | |
| CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court are Plaintiff Liberty Asset Holdings' motion to remand, Doc. 17, and motion for attorneys' fees, Doc. 19. Because the Court has subject matter jurisdiction, both motions are denied.

**I.      Background**

This case involves a dispute involving land in Sedalia, Missouri on which is located a manufactured home. The land was purchased at a tax sale by Joel and Dawn Yoest and shortly thereafter sold to Liberty Asset Holdings, LLC.[1] Liberty argues it is the owner of both the land and the manufactured home, free of any liens. Attached to Liberty's complaint is a Deed of Trust that suggests that a prior owner of the Sedalia property obtained a loan to purchase the manufactured home and gave the Deed of Trust on the land to secure payment of the loan. Doc. 1-1, p. 21. Defendant U.S. Bank has contended it is the beneficial owner of that Deed of Trust and Defendant New Residential Investment is the servicer of the loan. Defendant Mortgage

---

[1] For diversity purposes, it appears that Joel and Dawn Yoest are the limited liability partners of Liberty Asset Holdings and are both residents of Missouri.

1

Contracting Services (MCS) engages in property inspections and preservations and it is alleged to have entered onto the disputed property, acting as the agent of U.S. Bank and New Residential Investment.

In its complaint, Liberty asks the Court to declare Liberty is the fee simple owner of the land, including the manufactured home, not subject to any lien. Doc. 1-1, p. 12. Liberty also brings a trespass claim against MCS for entering the property, posting no trespassing signs, and changing the locks. *Id.* at 13.

Liberty filed its petition in Pettis County, Missouri. Doc. 1-1. New Residential Investment timely filed a notice of removal, claiming that the amount in controversy exceeds the $75,000 statutory minimum for diversity jurisdiction. Doc. 1. Liberty now seeks remand to state court, arguing the amount in controversy is not satisfied. Doc. 17. Only MCS opposes remand.

Liberty has also filed a motion for attorneys' fees, Doc. 19, claiming that there was no justification for New Residential Investment's Notice of Remand.

## II.     Discussion

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction to hear a case if the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. In this case, the parties agree that complete diversity of citizenship exists. Docs. 17, 18. The only question before the Court is whether the amount in controversy requirement is satisfied.

"[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015). When a

2

defendant removes a case based on diversity, it must establish by a preponderance of the evidence that a fact finder could conclude the controversy involves more than $75,000. *Kopp v. Kopp,* 280 F3d 883, 885 (8th Cir. 2002); *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009). Once a defendant has met that burden, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020); *St. Paul Mercury Indem., Co., v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "To meet this 'legal certainty' standard, the plaintiff must show that the jurisdictional amount could not be recovered as a matter of law or that no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." *Turntine*, 959 F.3d at 881 (quoting *Kopp*, 280 F.3d at 885).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005). Here, the object of the litigation is the property in dispute. Specifically, Liberty's petition seeks a declaration that it is the fee simple owner of both the land and the manufactured home, and states that the manufactured home has been assessed, and taxes paid, as part of the real estate for years. Doc. 1-1, p. 9. Therefore, the amount in controversy for this claim focuses on the value of the property.

"It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert*, 649 F.3d at 822 (citing *McLain v. Anderson Corp.*, 567 F.3d 956, 965 (8th Cir. 2009)). New Residential filed its notice of removal on October 23, 2020. Doc. 1. New Residential attached to its removal notice the Pettis County Assessor's Office property valuation for the disputed property dated October 9,

3

2020.  Doc. 1-2, pp. 9-10.  The property value is listed as $84,580.  *Id.*  MCS argues the October 9, 2020 property valuation establishes that at the time of removal the amount in controversy exceeded $75,000.

Liberty responds that the $84,580 valuation was for 2019 and does not reflect the value of the property at the time of removal.  It also contends that valuation is flawed because it included improvements other than the manufactured home.  Doc. 17, p. 2. l.  In support of its position, Liberty submits a November 13, 2020 valuation and affidavit of Christopher Woolery, the Pettis County Assessor, which values the property at $69,000. [2]  Docs. 17; 17-1.  According to Mr. Woolery, MCS's $84,580 valuation is for 2019 and not 2020.

The Court is presented with two conflicting property valuations from the Pettis County Assessor: on October 9, 2020 the Pettis County Assessor produced a valuation of $84,580, yet on November 13, 2020 the Pettis County Assessor produced a valuation of $69,000 and claimed the $84,580 figure is from a 2019 valuation. From this evidence a reasonable fact finder could conclude the value of the property is in excess of $75,000.  The November 2020 valuation is slightly less than the jurisdictional requirement and the other valuation is slightly higher.  There is no explanation for the discrepancy between the two valuations.  Further, historically the valuation of the dwelling alone was at $75,000 or slightly lower than $75,000.  Given the closeness of the two valuations, the historical pattern and the fact that Liberty also seeks damages for trespass, a reasonable jury could find either that the amount in controversy was in

---

[2] Mr. Woolery states that the manufactured home, without improvements of a full basement, wood deck and concrete patio, is worth $43,000.  Doc. 17-1, p. 3.  The remainder is for the other improvements and for the land.  However, Liberty's petition seeks a declaration that it is the fee simple owner of both the land and the manufactured home.  *James Neff Kramper*, 393 F.3d at 833 (holding that the amount in controversy is measured by the value of the object of the litigation).

4

excess of $75,000 or slightly below $75,000.  Thus, MCS met its burden and Liberty falls far short of proving to a legal certainty that the claim is for less than $75,000.  *Turntine*, 959 F.3d at 881; *Kopp*, 280 F.3d at 885 ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").  This would be true even if the Court accepted Liberty's $69,000 property valuation.  Accordingly, Liberty fails to meet the "legal certainty" standard.

Finally, in the motion to remand, Liberty states it "is making a judicial admission that the only recovery sought against US Bank relates to ownership of the double wide manufactured home in question, which is clearly less than $75,000.  Plaintiff is further making a judicial admission that the maximum amount being sought in its petition for damages against New Residential and MCS is less than $75,000."  Doc. 17, p. 4.  A plaintiff may limit its request for damages in the petition to avoid removal.  *Hollenbeck v. Outboard Marine Corp.*, 201 F.Supp.2d 990, 994 (E.D. Mo. 2001) (citing *St. Paul Mercury*, 303 U.S. at 294).  However, Liberty may not now, after removal has been sought, voluntarily reduce its claim below the jurisdictional threshold to defeat diversity jurisdiction.  *Hartridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (citing *St. Paul Mercury*, 303 U.S. at 293) ("A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal.").  Further, this representation is inconsistent with Liberty's petition which seeks a declaration that it is the fee simple owner of both the land and the manufactured home, and that the property is not subject to the Deed of Trust purportedly owned by U.S. Bank.  Doc. 1-1, p. 9.

### III. Conclusion

Because the Court has subject matter jurisdiction, Liberty's motion to remand, Doc. 17, is denied. Additionally, Liberty's motion for attorneys' fees, Doc. 19, is denied as moot.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 30, 2020
Jefferson City, Missouri